THOMAS I ROZSA, SB# 080615
  E-Mail: tom@rozsalaw.com
**ROZSA LAW GROUP, L.C.**
18757 Burbank Boulevard, Suite 220
Los Angeles, California 91356-3346
Telephone: 818-783-0990
Facsimile:  818-783-0992

Attorneys for Plaintiff Valor Communication, Inc.

THOMAS S. KIDDÉ, SB# 61717
  Email: Thomas.Kidde@lewisbrisbois.com
DEBORAH F. SIRIAS, SB# 102893
  Email: Deborah.Sirias@lewisbrisbois.com
JOSHUA S. HODAS, SB# 250802
  Email: Josh.Hodas@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant Balaji Trading, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALOR COMMUNICATION, INC., a California corporation,<br><br>        Plaintiff,<br><br>   vs.<br><br>BALAJI TRADING, INC., a California corporation, and DOES 1 through 10, inclusive<br><br>        Defendants. | Civil Action No.: 13-cv-05082-RGK (MRWx)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>*Assigned to: Hon. R. Gary Klausner*<br>*Magistrate Judge: Michael R. Wilner* |

4812-3828-1495.1

STIPULATED PROTECTIVE ORDER

Plaintiff Valor Communication, Inc. ("Plaintiff") and Defendant Balaji Trading, Inc. ("Defendant") (Plaintiff and Defendant hereafter "Party" or jointly "Parties"), through their attorneys of record, hereby stipulate to the Stipulated Protective Order in this matter as follows with the designations herein to be applicable to all discovery propounded after the date of this stipulation:

WHEREAS the materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7).  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

WHEREAS the parties wish to minimize the disclosure of Confidential Information of one to the other and wish to prevent all Confidential Information from unauthorized disclosures:

NOW THEREFORE, it is ordered as follows:

## DEFINITIONS

1.  The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2.  The term "materials" will include, but is not be limited to: documents; correspondence; e-mails; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of

1 conversations; desk diaries; appointment books; expense accounts; recordings;
2 photographs; motion pictures; compilations from which information can be obtained
3 and translated into reasonably usable form through detection devices; sketches;
4 drawings; notes (including laboratory notebooks and records); reports; instructions;
5 disclosures; other writings; models and prototypes and other physical objects.

6   3. The term "counsel" will mean outside counsel of record, and other
7 attorneys, paralegals, secretaries, and other support staff employed in the law firms
8 identified below: Rozsa Law Group L.C. and Lewis Brisbois Bisgaard & Smith
9 LLP.

## GENERAL RULES

11   4. Each party to this litigation that produces or discloses any materials,
12 answers to interrogatories, responses to requests for admission, trial testimony,
13 deposition testimony, and transcripts of trial testimony and depositions, or
14 information that the producing party believes should be subject to this Protective
15 Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL
16 OUTSIDE COUNSEL ONLY."

17   a. Designation as "CONFIDENTIAL": Any party may designate
18 information as "CONFIDENTIAL" only if, in the good faith belief of such party and
19 its counsel, the unrestricted disclosure of such information could be potentially
20 prejudicial to the business or operations of such party.

21   b. Designation as "CONFIDENTIAL OUTSIDE COUNSEL ONLY":
22 Any party may designate information as "CONFIDENTIAL OUTSIDE COUNSEL
23 ONLY" only if, in the good faith belief of such party and its counsel, the
24 information is among that considered to be most sensitive by the party, including but
25 not limited to trade secret or other confidential research, development, financial or
26 other commercial information.

27   5. In the event the producing party elects to produce materials for
28 inspection, no marking need be made by the producing party in advance of the

initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL OUTSIDE COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

      6.    Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

      (a)    the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY."

      (b)    the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

      (c)    the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY," as

appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "CONFIDENTIAL OUTSIDE COUNSEL ONLY" may be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts retained by either party under the conditions set forth in this Paragraph. Experts and consultants necessarily retained by one side's counsel may view the information but only if such experts and consultants first comply with this Order in full and read, sign and agree to be bound by all of its terms as set forth in Exhibit A. Prior to sharing any Confidential Information with an independent expert, a Party must designate the independent expert to the counsel for the other Party, attaching to the expert designation a copy of the aforementioned signed Exhibit A executed by the independent expert, together with a curriculum vitae of the designated expert. After receipt of an expert designation, counsel for the other Party shall have five (5) court days to oppose the appointment of the independent expert designated by the Party and provide detailed reasons in writing why such opposition is meritorious. If there is a disagreement between the Parties on the appointment of an independent expert, the Parties shall negotiate in good faith in an attempt to resolve any such disagreement. If the Parties are unable to resolve the disagreement by good faith negotiation, the Parties agree to bring the dispute under this Stipulated Protective Order before the magistrate judge assigned

to the case.  The appointed independent expert may receive CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY material only if (1) the opposing Party did not oppose its appointment within the five (5) court day time period; or (2) the Parties reach an agreement about its appointment after good faith negotiation; or (3) after unsuccessful negotiation between the Parties the magistrate judge approves the appointment.

9. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

(a) Executives who are required to participate in policy decisions with reference to this action;

(b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

(c) Stenographic and clerical employees associated with the individuals identified above.

10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in

1  this litigation.

2  12.     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

13.     At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information.  The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection.  The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14.     All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action.  Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15.     No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party.  If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.  Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" – SUBJECT TO PROTECTIVE ORDER.

17. Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests in writing return of such documents to the producing party with the factual basis for the assertion of privilege or immunity.  Upon request by the producing party, the receiving party shall immediately return all copies of such inadvertently produced document(s).  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.  The parties agree that Federal Rules of Evidence Rule 502 shall apply to this action.

18. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is

protected as privileged or as attorney work product.

19. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

20. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

22. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

23. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated

1 Confidential Information; (b) the parties agree, or the Court rules, is already public
2 knowledge; (c) the parties agree, or the Court rules, has become public knowledge
3 other than as a result of disclosure by the receiving party, its employees, or its
4 agents in violation of this Order; or (d) has come or will come into the receiving
5 party's legitimate knowledge independently of the production by the designating
6 party.  Prior knowledge must be established by pre-production documentation.

   24.   The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

   25.   Transmission by facsimile is acceptable for all notification purposes within this order.

   26.   This Order may be modified by agreement of the parties, subject to approval by the Court.

   27.   The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

//
//
//

28. This Agreement shall be deemed effective as between the parties upon execution by the undersigned stipulating counsel.

**IT IS SO STIPULATED**

DATED: December 12, 2013        ROZSA LAW GROUP L.C.


                                By: /s/ Thomas I. Rozsa
                                    Thomas I. Rozsa
                                    Attorneys for Plaintiff
                                    Valor Communication, Inc.


DATED: December 12, 2013        LEWIS BRISBOIS BISGAARD & SMITH LLP


                                By: /s/ Thomas S. Kiddé
                                    Thomas S. Kiddé
                                    Attorneys for Defendant
                                    Balaji Trading Inc.

**IT IS SO ORDERED**

DATED: December 13, 2013

                                _____
                                Hon. Michael R. Wilner
                                Magistrate Judge,
                                United States District Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALOR COMMUNICATIONS, INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>BALAJI TRADING, INC., a California corporation, and DOES 1 through 10, Inclusive<br><br>Defendants. | Civil Action No.: 13-cv-05082 RGK-(MRWx)<br><br>**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Stipulated Protective Order entered in Valor Communication, Inc. v. Balaji Trading, Inc., et al, Case No. 13-cv-05082-RGK (MRWx) and have received a copy of the Stipulated Protective Order.

3. I promise that I will use any and all "Confidential" or "Confidential – Attorneys' Eyes Only" information, as defined in the Stipulated Protective Order, given to me only in a manner authorized by the Stipulated Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" or "Confidential – Attorneys' Eyes Only" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Stipulated Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Stipulated Protective Order.

6. I understand that any disclosure or use of "Confidential" or "Confidential – Attorneys' Eyes Only" information in any manner contrary to the

provisions of the Stipulated Protective Order may subject me to sanctions for contempt of court.

    I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

                                                    _____
                                                    [Print name]